Davey T. Kim (State Bar No. 209676)
dkim2@travelers.com
Valarie H. Jonas (State Bar No. 137525)
vjonas@travelers.com
USERY & ASSOCIATES
Mailing Address: P.O. Box 2996
Hartford, CT 06104-2996
Physical Address: 9325 Sky Park Court, Suite 220
San Diego, CA 92123
Tel: (858) 616-6112
Fax: (844) 571-3789

Attorneys for Plaintiff
The Travelers Indemnity Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> KINSALE INSURANCE COMPANY AND JAMES RIVER INSURANCE COMPANY, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DECLARATORY RELIEF; EQUITABLE SUBROGATION; EQUITABLE INDEMNITY; AND EQUITABLE CONTRIBUTION** |

Plaintiff THE TRAVELERS INDEMNITY COMPANY alleges and avers as follows:

## NATURE OF THE ACTION

1.    In this action Plaintiff The Travelers Indemnity Company ("Travelers") seeks a declaration that Kinsale Insurance Company ("Kinsale") and James River

Insurance Company ("James River"), and each of them, are obligated to defend and indemnify mutual insured Shawmut Woodworking & Supply dba Shawmut Design and Construction ("Shawmut") in connection with an underlying lawsuit for construction defects captioned, *Gavin Polone v. Shawmut Woodworking & Supply Inc. dba Shawmut Design and Construction*, filed on or about October 20, 2022, in the Superior Court of California, County of Los Angeles, Case No. 22SMCV01940 (the "Underlying Action").

## THE PARTIES

2.    Plaintiff Travelers is, and at all relevant times was, a Connecticut corporation with its principal place of business in Hartford, Connecticut.

3.    Plaintiff is informed, believes and thereon alleges that defendant Kinsale is an Arkansas corporation with its principal place of business in Richmond, Virginia.

4.    Plaintiff is informed, believes and thereon alleges that defendant James River is an Ohio corporation with its principal place of business in Richmond, Virginia.

## JURISDICTION AND VENUE

5.    This Court has original jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the matter in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs and interest.

6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred within the Central District of California.

7.    An actual, justiciable controversy exists between Plaintiff, on the one hand, and Kinsale and James River on the other.

8.    Plaintiff has no adequate remedy at law.

///

-2-
COMPLAINT FOR DECLARATORY RELIEF

# THE INSURANCE POLICIES

9. Travelers issued Shawmut Woodworking & Supply Inc. CGL policy number VTRK-CO-8206A920-IND-21, effective November 1, 2021 to November 1, 2022, with per occurrence limits of $5,000,000 (the "Travelers Policy").

10. Subject to certain terms, conditions and exclusions, the Travelers Policy generally provides coverage for property damage that takes place during the policy period and is caused by an accident.

11. The Travelers Policy provides that the coverage afforded to Shawmut is excess over any coverage available to Shawmut as an additional insured.

12. Kinsale issued to named insured Allied Roofing & Waterproofing, Inc. ("Allied") CGL policy numbers 010089631-1 and 0100089631-2 for the period July 1, 2020 to July 1, 2022, each with limits of $1,000,000 per occurrence and $2,000,000 in the aggregate (the "Kinsale Policies").

13. Subject to their terms, conditions and exclusions, the Kinsale Policies generally provide coverage for property damage that takes place during the policy period and is caused by an accident.

14. James River issued to named insured Sound-Crete Contractors, Inc. ("Sound-Crete") CGL policy numbers 001111089-0, 00111089-1 and 00111089-2 for the period December 22, 2020-October 1, 2023, each with limits of $1,000,000 per occurrence and $2,000,000 aggregate (the "James River Sound-Crete Primary Policies"); James River also issued to Sound-Crete excess liability policy number 001111096-0 for the period December 22, 2020 to December 22, 2021, with limits of $2,000,000 per occurrence and $2,000,000 aggregate, and Plaintiff is informed and believes and thereon alleges that James River issued further excess policies to Sound-Crete in succeeding years (the "James River Sound-Crete Excess Policies"). (Together, the James River Sound-Crete Primary and Excess Policies shall be referred to as the "James River Sound-Crete Policies".)

15. Subject to their terms, conditions and exclusions, the James River Sound-Crete Policies generally provide coverage for property damage that takes place during the policy period and is caused by an accident.

16. James River issued to named insured Craig Provance dba PRS Consulting ("PRS") a series of CGL policies bearing policy numbers 00062871-4 through 00062871-7 for the period July 1, 2018 through May 1, 2022 with limits of $1,000,000 per occurrence and $2,000,000 aggregate (the "James River PRS Policies"). (Together, the James River Sound-Crete Policies and James River PRS Policies will be referred to as the "James River Policies.")

17. By their terms, the Kinsale and James River Policies, and each of them, provide Shawmut with additional insured coverage with regard to the claims asserted in the Underlying Action.

18. By their terms, the obligations of Kinsale and James River to Travelers in connection with the Underlying Action under the Kinsale Policy and James River Policies, and each of them, are primary and non-contributory.

## THE UNDERLYING ACTION

19. The Underlying Action arises out of alleged construction defects with respect to property located at 2401 Briar Crest Road, Beverly Hills, California (the "Property"). The plaintiff in the Underlying Action alleges that Shawmut is the general contractor with respect to the Property's construction.

20. The Underlying Action alleges that multiple elements of the Property are incomplete or defective, causing property damage to the Property including gypcrete installed that does not meet the proper strength specifications and migration of the gypcrete into the Airfloor system, leaking in the master bath, water intrusion at the roof and clerestory window, use of improper fasteners for securing Z-girts and hat channels which are not properly supported and penetrate the weather barrier, and improperly installed metal coping on the roof parapet of the Property.

21.     Plaintiff is informed, believes and thereon alleges that the Underlying Action currently asserts causes of action for negligence (construction defect), breach of contract, common count and accounting and prays for judgment against the defendants for general and special damages on each count in excess of $3,000,000, according to proof at trial, an order compelling production of books and records related to the Property's construction, and attorneys' fees and costs.

22.     Plaintiff is informed, believes and thereon alleges that Allied, Sound-Crete and PRS each entered into one or more subcontracts with Shawmut to perform work at the Property (the "Subcontracts").

23.     Plaintiff is informed, believes and thereon alleges that, pursuant to the Subcontracts, Allied, Sound-Crete and PRS performed work at the Property as subcontractors of Shawmut.

24.     Plaintiff is informed, believes and thereon alleges that, pursuant to the Subcontracts, Allied, Sound-Crete and PRS were required to include Shawmut as an additional insured on their commercial general liability policies on a primary and non-contributory basis.

25.     Plaintiff is informed, believes and thereon alleges that the Underlying Action alleges work performed by Allied, Sound-Crete and PRS, and each of them, was defective and caused resulting property damage to the Property for which the underlying plaintiff now seeks damages against Shawmut in the Underlying Action.

26.     Plaintiff is defending Shawmut in the Underlying Action under a reservation of rights and has incurred, and continues to incur, fees and costs in the defense of Shawmut.

27.     Kinsale and James River, and each of them, have an ongoing duty to defend and indemnify Shawmut under their respective policies with regard to the Underlying Action.

///

COMPLAINT FOR DECLARATORY RELIEF

28. Despite such duty, Kinsale has refused to defend or indemnify Shawmut in any respect in the Underlying Action.

29. Despite such duty, James River under the Sound-Crete Policies has refused to defend or indemnify Shawmut in any respect in the Underlying Action.

30. James River accepted the defense of Shawmut under the PRS Policies subject to a reservation of rights issued on February 18, 2025. This reservation of rights entitled Shawmut to independent counsel under California Civil Code Sect. 2860. Although James River ultimately accepted the defense of Shawmut under the PRS policies, James River has failed to:

a. Reimburse Travelers for defense fees and costs incurred between the date of tender, November 6, 2023, and James Rivers' acceptance of Shawmut's defense;

b. Pay vendors and experts retained to assist in Shawmut's defense.

31. Shawmut has tendered defense and indemnity of the Underlying Action to Kinsale and James River under the Kinsale and James River Policies. Despite their ongoing duty to defend and indemnify their insured Kinsale and James River, and each of them, have failed and refused to defend and indemnify Shawmut.

32. As a result of Kinsale's and James Rivers' ongoing breaches of their respective duties to defend and indemnify Shawmut in the Underlying Action, Travelers has been damaged in an amount to be proved at trial, including fees and costs incurred in the defense of Shawmut.

## FIRST CAUSE OF ACTION – DECLARATORY RELIEF
### (Against Kinsale)

33. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-32 above, inclusive, as though fully set forth herein.

///

COMPLAINT FOR DECLARATORY RELIEF

34. By their terms, the Kinsale Policies issued to Allied provide coverage to Shawmut as an additional insured for the Underlying Action.

35. Shawmut has tendered defense and indemnity of the Underlying Action to Kinsale.

36. Despite its present duty to defend and indemnify Shawmut in the Underlying Action, and in breach of such duty, Kinsale has refused and continues to refuse to defend or indemnify Shawmut in the Underlying Action.

37. An actual and justiciable controversy has arisen between Plaintiff and Kinsale in that Plaintiff contends, and Kinsale disputes, that Kinsale is obligated to defend Shawmut as an additional insured under the Kinsale Policies on a primary and non-contributory basis in the Underlying Action.

38. Plaintiff seeks a judicial determination that Kinsale was and is obligated to defend Shawmut in the Underlying Action as an additional insured under the Kinsale Policies on a primary and non-contributory basis.

39. Plaintiff requests that the Court resolve the present and actual controversy between the parties by issuing a judgment declaring the rights and obligations of the parties with regard to the insurance policies at issue.

40. Plaintiff further requests a declaration of rights, duties and/or obligations of the parties as otherwise appropriate, and for judgment for any amount as may be appropriate.

## SECOND CAUSE OF ACTION –DECLARATORY RELIEF
### (Against James River)

41. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-32 and 34-40 above, inclusive, as though fully set forth herein.

///

COMPLAINT FOR DECLARATORY RELIEF

42.    By their terms, the James River Policies issued to Sound-Crete and PRS provide coverage to Shawmut as an additional insured for the Underlying Action.

43.    Shawmut has tendered defense and indemnity of the Underlying Action to James River.

44.    Despite its present duty to defend and indemnify Shawmut in the Underlying Action, and in breach of its duty under the James River Sound-Crete Policies, James River has refused and continues to refuse to defend or indemnify Shawmut in the Underlying Action under the James River Sound-Crete Policies.

45.    Despite its present duty to defend and indemnify Shawmut in the Underlying Action, and in breach of its duty under the James River PRS Policies, James River has further refused, and continues to refuse, to pay for certain reasonable and necessary costs and fees in defense of Shawmut.

46.    An actual and justiciable controversy has arisen between Plaintiff and James River in that Plaintiff contends, and James River disputes, that James River is obligated to defend Shawmut as an additional insured under the James River Policies on a primary and non-contributory basis in the Underlying Action.

47.    Plaintiff seeks a judicial determination that James River was and is obligated to defend Shawmut in the Underlying Action as an additional insured under the James River Policies on a primary and non-contributory basis.

48.    Plaintiff requests that the Court resolve the present and actual controversy between the parties by issuing a judgment declaring the rights and obligations of the parties with regard to the insurance policies at issue.

49.    Plaintiff further requests a declaration of rights, duties and/or obligations of the parties as otherwise appropriate, and for judgment for any amount as may be appropriate.

///

///

COMPLAINT FOR DECLARATORY RELIEF

## THIRD CAUSE OF ACTION FOR EQUITABLE INDEMNITY
### (Against Kinsale and James River)

50.     Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-32, 34-40 and 42-49, inclusive, as though fully set forth herein.

51.     Travelers contends that Kinsale and James River were and are obligated to defend Shawmut against the Underlying Action.  Moreover, Kinsale's and James River's obligations to defend Shawmut are primary to Travelers' obligation.

52.     Despite Shawmut's tenders of defense and indemnity, Kinsale and James River have refused to defend Shawmut in the Underlying Action under the Kinsale Policy  and the James River Sound-Crete Policies, and James River has refused to pay for certain reasonable and necessary defense costs under the James River PRS Policies.

53.     Travelers is entitled to reimbursement of defense fees and costs incurred in the Underlying Action because Kinsale's and James River's obligations to Shawmut are primary to Travelers' obligation.

## FOURTH CAUSE OF ACTION FOR EQUITABLE SUBROGATION
### (Against Kinsale and James River)

54.     Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-32, 34-40, 42-49, and 51-53, inclusive, as though fully set forth herein.

55.     Travelers contends Kinsale and James River were and are obligated to defend Shawmut against the Underlying Action.  Moreover, Kinsale and James River's obligations to defend Shawmut are primary to Travelers' obligation.

56.     Despite the tenders, Kinsale and James River, under the Sound-Crete Policies, have refused to defend Shawmut in the Underlying Action, and James River,

COMPLAINT FOR DECLARATORY RELIEF

under the PRS Policies, has refused to pay for certain reasonable and necessary defense costs.

57.    Due to Kinsale and James River's refusal to defend Shawmut in the Underlying Action, Travelers has incurred defense fees and costs, which should have been paid by Kinsale and James River.

58.    Travelers is entitled to reimbursement from Kinsale and James River of defense costs incurred in connection with defending Shawmut in the Underlying Action.

### FIFTH CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION
### (Against Kinsale and James River)

59.    Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-32, 34-40, 42-49, inclusive, as though fully set forth herein.

60.    Travelers pleads this cause of action as an alternative to the equitable indemnity and equitable subrogation causes of action.

61.    Pursuant to the Travelers Policy, Travelers has defended Shawmut against the Underlying Action.  Pursuant to the Kinsale and James River policies, Kinsale and James River owe defense to Shawmut as an additional insured under the Kinsale and James River Policies in the Underlying Action.

62.    Kinsale and James River have failed to defend Shawmut in the Underlying Action.

63.    Kinsale and James River under the James River Sound-Crete Policies have not contributed to or reimbursed Travelers for the defense fees and costs that Travelers has incurred, and James River, under the PRS Policies, has failed and refused to pay for certain reasonable and necessary defense costs and fees.

64.    Travelers has defended Shawmut in the Underlying Action and is entitled to contribution and reimbursement from Kinsale and James River in an

amount to be proven at trial.

## **PRAYER**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court issue a judgment as follows:

1.     Declaring that Kinsale has a duty to defend Shawmut for the claims asserted in the Underlying Action under the Kinsale Policies;

2.     Declaring that Kinsale has a duty to indemnify Shawmut for the claims asserted in the Underlying Action under the Kinsale Policies;

3.     Declaring that Kinsale's obligations to Shawmut under the Kinsale Policies with respect to the Underlying Action are primary and non-contributory;

4.     Declaring that the Travelers Policy is excess to the Kinsale Policies;

5.     Declaring that James River has a duty to defend Shawmut for the claims asserted in the Underlying Action under the James River Policies;

6.     Declaring that James River has a duty to indemnify Shawmut for the claims asserted in the Underlying Action under the James River Policies;

7.     Declaring that James River's obligations to Shawmut under the James River Policies with respect to the Underlying Action are primary and non-contributory;

8.     Declaring that the Travelers Policy is excess to the James River Policies;

9.     Declaring that Travelers is entitled to reimbursement by Kinsale and James River of defense costs and fees incurred to defend Shawmut in the Underlying Action;

10.    For equitable indemnity against Kinsale for the defense fees and costs incurred by Travelers in connection with the Underlying Action, plus interest;

11.    For equitable subrogation against Kinsale for the defense fees and costs incurred by Travelers in connection with the Underlying Action, plus interest;

COMPLAINT FOR DECLARATORY RELIEF

12.     For equitable indemnity against James River for the defense fees and costs incurred by Travelers in connection with the Underlying Action, plus interest;

13.     For equitable subrogation against Kinsale for the defense fees and costs incurred by Travelers in connection with the Underlying Action, plus interest

14.     In the alternative to equitable indemnity and equitable subrogation, for equitable contribution and apportionment of the defense fees and costs incurred by Travelers, plus interest;

15.     Granting an award in favor of Travelers for the costs of suit incurred herein; and

16.     Granting such other and further relief as the Court may deem just and proper.

DATED: May 28, 2026                       USERY & ASSOCIATES


By:_____
        Davey T. Kim, Esq.
        Valarie H. Jonas, Esq.
        Attorneys for Plaintiff TRAVELERS
        INDEMNITY COMPANY

COMPLAINT FOR DECLARATORY RELIEF